UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHANNY V.                                         :
                                                  :
v.                                                :        C.A. No. 20-00090-JJM
                                                  :
ANDREW M. SAUL, Commissioner                      :
Social Security Administration                    :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).   Plaintiff filed her Complaint on February 25, 2020 seeking to reverse the Decision of the Commissioner.   On July 1, 2020, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.   (ECF No. 10).   On August 28, 2020, Defendant filed Commissioner's Motion to Affirm his Decision.   (ECF No. 13). On September 25, 2020, Plaintiff filed a Reply.   (ECF No. 15).

This matter has been referred to me for preliminary review, findings and recommended disposition.   28 U.S.C. § 636(b)(1)(B); LR Cv 72.   Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.   Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 13) be DENIED.

**I.      PROCEDURAL HISTORY**

Plaintiff applied for DIB in July 2013.  The application was denied initially and on reconsideration.  A hearing was held before Administrative Law Judge ("ALJ") Donald P. Cole in April 2015 who issued an unfavorable decision in May 2015.  An appeal was filed in this Court, (C.A. No. 16-00460-JJM) and the case was remanded in December 2017. A hearing on remand was held in May 2019 before ALJ V. Paul McGinn who issued an unfavorable decision in June 2019. Plaintiff filed exceptions to the ALJ's decision.  The Appeals Council declined jurisdiction over the case.  An appeal was then filed in this Court.

## II.      THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to proceed consistent with this Court's remand Order, and, in particular, that he failed to properly evaluate Plaintiff's past work at Step 4 and failed to properly evaluate the opinion evidence in establishing Plaintiff's RFC.

The Commissioner disputes Plaintiff's claims and contends that the ALJ did follow the remand Order and that his findings are supported by substantial evidence of record and must be affirmed.

## III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v.

Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726,

729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.      **Treating Physicians**

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20

C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

### B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to

enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.      The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.      Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant

can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

    1.    **Pain**

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

> (4)    Treatment, other than medication, for relief of pain;

> (5)    Functional restrictions; and

> (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

> ### 2.      Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

> ## V.      APPLICATION AND ANALYSIS

> ### A.      The Prior Remand Decision and the ALJ's Decision Upon Remand

The Court previously reversed and remanded in this case for two reasons.  First, it held that the ALJ erred at Step 2 by failing to consider and properly evaluate Plaintiff's PTSD, and, at Step 4, by failing to properly evaluate the skill required to perform Plaintiff's past work.

The ALJ decided this case adverse to Plaintiff at Step 4 on remand.  The ALJ found at Step 2 that Plaintiff had several severe physical and mental impairments including PTSD.  He assessed an RFC for a limited range of sedentary work.  At Step 4, the ALJ denied benefits finding that Plaintiff's past work as a factory assembler was simple, unskilled work as actually performed by her, and thus not precluded by her RFC.

**B.**     **The ALJ's Step 4 Finding is Not Supported by Substantial Evidence**

Several relevant matters are undisputed.  First, Plaintiff is limited to unskilled, simple sedentary work.  Second, the DOT classifies both of Plaintiff's past assembly jobs generally as semi-skilled, but the ALJ concluded at Step 4 that they were unskilled jobs as actually performed by Plaintiff.  Third, Plaintiff does not speak English, and a Cambodian interpreter was utilized in both ALJ hearings.  Plaintiff's testimony was far less than clear.  Fourth, Plaintiff has PTSD and has reported resulting memory/concentration issues.  (Exhs. 7F, 16F; Tr. 156, 166, 558).  Fifth, Plaintiff completed a work history report in 2013 which indicates that her prior assembly work, consistent with the DOT, required technical knowledge or skills.  (Exhs. 2E, 4E).  Sixth, although the ALJ on remand was aware of Plaintiff's claim of worsening memory loss and the inconsistencies between her 2019 testimony and the 2013 work history report, he did not attempt to reconcile those issues.  Rather, he accurately described her testimony as "all over the place" and then simply acknowledged that it was "potentially due to the language barrier, the interpreters, memory issues and/or some other reason."  (Tr. 539, n.8).  Finally, if Plaintiff's work was determined to be semi-skilled and precluded by her RFC at Step 4, the Grids (Rule 201.02) would automatically direct a finding of disability and an award of benefits to her at Step 5.

This Court prior to remand expressed that Plaintiff's "language deficit is highly pertinent to the issues presented in this case" and that the transcript from the first ALJ hearing reflected

"repeated misunderstandings and miscommunications culminating in the answer of questionable reliability that became the foundation for the pivotal finding regarding the skill required for her prior work."  (ECF No. 19 in CA No. 16-460-JJM at p. 2).  The Court was also concerned by the fact that the dispositive Step 4 finding was on shaky footing and inconsistent with both the DOT and the more contemporaneous information in the work history report.  Id. at p. 16.  The case was remanded to more fully develop the record regarding Plaintiff's past work as a jewelry assembler.

Frankly, the record was not sufficiently developed as was intended by the remand Order and remains very confused.  The ALJ acknowledged this but failed to sufficiently clarify the record or to determine who or what was the cause of the confusion.  The ALJ again effectively ignored the 2013 work history report and made no finding as to the weight it should be afforded.  He also failed to specifically evaluate whether the symptoms of Plaintiff's PTSD made her later 2019 testimony inherently less reliable than the 2013 statement and the DOT's general classification of the work.  In other words, rather than weighing and evaluating the conflicting evidence, he appears to simply default to the burden of proof and base his decision on Plaintiff's most recent testimony.  While that might be appropriate in some cases, it was not in this unique case involving an acknowledged language barrier, and the passage of several years after she stopped working and while coping with PTSD symptoms.  Although I was not the remanding judge, it is clear from the rulings in the original case that more was expected on remand.

The next issue is whether I should recommend another remand for further administrative proceedings or, as requested by Plaintiff, recommend an Order reversing and remanding solely to calculate and pay benefits.  Although the award of benefits is an extraordinary remedy, I lean to the latter and so recommend.  This case was initiated by a 2013 DIB application and is over seven years old.  See Seavey v. Barnhart, 276 F.3d 1, 13; and Larlee v. Astrue, 694 F. Supp. 2d 80, 87 (D. Mass.

2010).  There have been two administrative hearings and decisions, and both were infected by legal error.  Id.  The plain spirit of the prior remand Order was not followed.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 13) be DENIED.  I further recommend that Final Judgment enter in favor of Plaintiff reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. section 405(g) and remanding this case solely for the calculation and payment of benefits.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 30, 2020